## JOSEPH M. HART *vs.* CHARLES J. ADAMS.

A debtor, arrested on execution and carried before a magistrate pursuant to *St.* 1855, *c.* 444, § 4, may be committed to jail without examination, if he does not ask to be admitted to take the poor debtors' oath.

At the hearing of a petition for a writ of *habeas corpus* by a debtor who has been arrested on execution and carried before a justice of the peace and of the quorum, the officer may be allowed to amend his return on the execution, by stating that he could not conveniently find either of the magistrates enumerated by *St.* 1855, *c.* 444, § 4, to be applied to in the first instance.

An officer, who has returned upon an execution that he has committed the judgment debtor by virtue of the order of the magistrate before whom he carried him, may be allowed, at the hearing of a petition of the debtor for a writ of *habeas corpus*, to amend his return, by stating that the commitment was by virtue of the execution.

PETITION for a writ of *habeas corpus*, representing that Hart, on an execution issued against him from the superior court of this county for $512.71, and by virtue of an affidavit indorsed thereon, was arrested and taken before Dexter Bucknam, a justice of the peace and of the quorum for the county of Middlesex, at Stoneham, and not desiring the justice to do anything or hear any examination at that time, the justice ordered him to be committed to jail, and by virtue of such order he was so committed, and was now imprisoned in the jail at Cambridge, of which the respondent was keeper.

Annexed to the petition were copies of the execution; of the affidavit indorsed thereon, taken before a commissioner of insolvency, (who certified that he was satisfied that there was reasonable cause to believe the truth of the charge made in the affidavit,) that twenty dollars, exclusive of costs, remained uncollected thereon, and that the person making the affidavit in behalf of the creditor believed and had reason to believe that Hart had property, not exempt from being taken on execution, which he did not intend to apply to the payment of the creditor's claim; of the return of the officer on the execution that " by virtue of this execution, and the authorization to arrest " Hart, he had arrested him, and had him before said justice for examination; of the order of said justice, which recited that Hart had refused to appoint a time for his examination, or to apply to be

49 *

admitted to take the poor debtors' oath, or to recognize for his appearance, or to deliver himself up for future examination; and of the officer's return upon this order, in these words : " By virtue of the within order I have committed the within named Joseph M. Hart to the jail in Cambridge."

The court issued the writ, returnable forthwith; and the respondent returned thereon that he, as jailer, held Hart in his custody on the execution and the papers annexed thereto.

*H. D. Hutchinson*, for the petitioner, contended that he was entitled to be discharged, 1st, because it did not appear that the officer who arrested him could not conveniently find any justice of any court of record, or any police justice, judge of probate, commissioner of insolvency, or master in chancery, without which the officer was not authorized by *St.* 1855, *c.* 444, § 4, to carry him before a justice of the peace and of the quorum; 2dly, because it did not appear that the justice, before committing him to jail, examined him, as on an application to be admitted to take the poor debtors' oath; and 3dly, because the officer committed him by virtue of the order of the justice, and not by virtue of the execution.

*A. V. Lynde*, for the respondent.

The officer then moved for leave to amend his first return, by inserting an allegation that he could not conveniently find any one of the magistrates above enumerated; and to amend his second return, by stating that he committed Hart to jail by virtue of the execution; and supported the motion by his own affidavit of the truth of the facts stated in the proposed amendments.

*Hutchinson* objected that the right of the petitioner to an immediate discharge could not now be affected by amendments of the officer's returns.

But THE COURT allowed the amendments; and held, that if the debtor, on being carried before a magistrate, pursuant to *St.* 1855, *c.* 444, § 4, did not ask to be admitted to take the poor debtors' oath, it was the duty of the magistrate to certify that fact, and the duty of the officer to commit him on the execution, as it would have been before this statute. *Prisoner remanded.*